# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## COOKEVILLE DIVISION

| | | |
|---|---|---|
| **HENRY E. HILDEBRAND,** | ) | |
| | ) | |
| **Trustee-Appellant,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  2:09-0115** |
| | ) | **Judge Echols** |
| **LORRIS KNOX WIMBERLY and** | ) | |
| **PAIGE PEARSON WIMBERLY,** | ) | |
| | ) | |
| **Debtors-Appellees.** | ) | |

## ORDER

This is an appeal from the final decision of the United States Bankruptcy Court.  Over the objection of the Trustee, the Bankruptcy Court confirmed the Debtors' Chapter 13 plan.

The Trustee appeals, arguing that the Bankruptcy Court erred in failing to apply a "forward looking" approach in calculating the Debtors' "projected disposable income" under 11 U.S.C. 1325(b)(1).  Specifically, the Trustee asserts that the Debtors calculated their monthly disposable income to be $4,852.76, a figure based upon the monthly average income they received during the six months preceding the filing of their Bankruptcy Petition.  However, both Debtors were unemployed during a portion of those sixth months.  According to the Trustee, this resulted in a substantially understated projected income because "the Debtors reported on Schedule I, and confirmed in their testimony, they actually expect to receive an average monthly income of $6,470.99 going forward."  (Docket Entry No. 3 at 8).

Section 1325(b)(1) of Title 11 provides that if a Trustee objects to the confirmation of a Chapter 13 plan, a bankruptcy court may not approve the plan unless the plan provides for payment of 100% of the claims, or "the plan provides that all of the debtor's projected disposable income to

1

Case 2:09-cv-00115   Document 6   Filed 06/21/10   Page 1 of 3 PageID #: 157

be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). The lower courts have struggled with the meaning of "projected disposable income." Some courts, like the Bankruptcy Court in this case, have utilized a "mechanical approach" in determining the projected disposable income by first multiplying the monthly income by the number of months in the plan and then determining what portion of the result is disposable. <u>See</u>, <u>In re Kagenveama</u>, 541 F.3d 868, 872-74 (9th Cir. 2008). Other courts have utilized a "forward looking" approach which takes into account foreseeable changes in a debtor's income or expenses. <u>See</u>, <u>In re Fredericksen</u>, 545 F.3d 652, 658-60 (8th Cir. 2008).

On June 7, 2010, the United States Supreme Court in <u>Hamilton v. Lanning</u>, 2010 WL 2243704 (2010) held that while a court in calculating "projected disposable" income can utilize the figure yielded by the "mechanical approach," "where significant changes in a debtor's financial circumstances are known or virtually certain, a bankruptcy court has discretion to make an appropriate adjustment." <u>Id</u>. at *6. In arriving at its conclusion, the Supreme Court observed:

> In cases in which a debtor's disposable income during the 6-month look-back period is either substantially lower or higher than the debtor's disposable income during the plan period, the mechanical approach would produce senseless results that we do not think Congress intended. In cases in which the debtor's disposable income is higher during the plan period, the mechanical approach would deny creditors payments that the debtor could easily make.

<u>Id</u> at *10.

In this case, the Bankruptcy Court utilized a "mechanical approach" to determine the projected disposable income of the Debtors and apparently did not consider the possible change in the Debtors' future circumstances. Because the Bankruptcy Court's decision was rendered without the benefit of the Supreme Court's decision in <u>Hamilton</u>, its decision confirming the Debtor's

2

Chapter 13 Plan is hereby VACATED and this case is hereby REMANDED to the Bankruptcy Court

for further consideration in light of the Supreme Court's decision in Hamilton.

It is SO ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3